SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL -8 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CLANTON TOLER HOOD**                                              **PLAINTIFF**

**VS.**                                  CIVIL ACTION NO.: 3:15cv501 DPJ-FKB

**RICOH USA, INC.**                                                 **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Clanton Toler Hood, by any through his counsel, Watson & Norris, PLLC, and files this action this action to recover damages for violations of his rights under the Age Discrimination in Employment Act of 1967, as amended. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. The Plaintiff, Clanton Toler Hood, is an adult male who resides in Rankin County at 5201 Lakeland Boulevard, Apt. I-93, Flowood, MS 39232.

2. The Defendant, Ricoh USA, Inc., is an Ohio corporation doing business in Mississippi and may be served with process through its Registered Agent, CT Corporation, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction.

4. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court. A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit "A," and a true and correct copy of the EEOC's Dismissal and Notice of Rights is attached hereto as Exhibit "B."

## STATEMENT OF THE FACTS

5. Plaintiff is a sixty-one year old male and was hired by Defendant on or about May 10, 1981 as a sales representative. Plaintiff was more than qualified for his position with over 33 years of experience. On July 1, 2014, Plaintiff was abruptly placed on a performance improvement plan without any justification. On September 30, 2014, Plaintiff was discharged. Accordingly, Plaintiff suffered an adverse employment decision. Prior to his discharge, his base pay was decreased and his commissions were cut by 50%

6. Plaintiff was given no specifics concerning his salary reduction and was told he was being discharged because of alleged "unsatisfactory job performance."

7. In fact, Plaintiff was discriminated against in violation of the ADEA because of his age based on the fact that he was replaced with a much younger employee, Emily Kees, who is in her thirties and who was paid a much lower salary.

8. In February 2012, Ikon and Ricoh merged in Jackson, MS. Carla Freeman from Ikon was given the market vice president job. Plaintiff was in the process of bringing in a million dollars' worth of business so Ms. Freeman treated him better than anyone else because of that, stating that it was important to take care of him and his customers.

9. In March 2012, Ms. Freeman forced John Fondren, another sales representative to retire.

10. In July 2012, Ms. Freeman fired Chance Callaway, Plaintiff's manager for more than 10 years, who was over 100% of his quota at the time, and replaced him with

her manager, Donna Crabtree, who was at 30% of quota at the time. Approximately, one year later, she forced out Mr. Callaway's manager.

11.  In March 2013, Ms. Freeman transferred most of Plaintiff's accounts, except Saks and Southern Farm Bureau, to her Ikon representatives.

12.  In January 2014, tension between Plaintiff and Ms. Freeman escalated after Plaintiff found out that Ms. Freeman's production specialist lied to Southern Farm Bureau regarding who was financing their lease.

13.  In April 2014, Ms. Freeman lowered Plaintiff's base pay from $44,000 to $39,500 and decreased his Sak's commission from 100% to 50%. Plaintiff realized at this point that Ms. Freeman was trying to force him out in order to replace him with a younger sales representative.

14.  On September 29, 2014, Plaintiff received a call from Andy Walton, a sales representative in New York who was working on the Saks account with him. For over a year, he and Plaintiff had been working through a lot of issues with the Saks account. Mr. Walton had been informed that Defendant had finally received all of the approvals to renew their 350 machines lease. Plaintiff had started this account in January 2011 and the total revenue to Defendant was well over $1,000,000. When Plaintiff went to Ms. Freeman's office to tell her the good news, her only response was, "I told you not to put all of your eggs in one basket."

15.  On September 30, 2014, Andrew Bowes, Carla Freeman's sales manager, fired Plaintiff for alleged lack of revenue production. At the time, Plaintiff was at 29% of quota. The Saks deal Plaintiff was about to close would have put him well over 100% of quota.

3

16. Andy Walton, the New York representative, called Plaintiff the next day and told him Carla Freeman and Andrew Bowes tried to set up a meeting a couple of weeks prior to his termination to discuss how they could handle the Saks account without Plaintiff.

17. The Saks account was given by Defendant to Emily Kees, a young female in her thirties.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF ADEA - AGE DISCRIMINATION/RETALIATION

18. Plaintiff incorporates paragraphs 1 through 17 above as though specifically set forth herein and alleges that:

19. Defendant's actions constitute age discrimination, a direct violation of the Age Discrimination in Employment Act, and unlawful retaliation.

20. As a direct and proximate result of the acts and omissions of Defendant described above, Plaintiff has suffered lost wages and benefits and other pecuniary loss as well as deep pain, humiliation, anxiety, and emotional distress.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement or future wages in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Attorney's fees;
7. Costs and expenses; and
8. Any other relief to which he may be properly entitled.

THIS the 7th day of July 2015.

                            Respectfully submitted,

                            CLANTON TOLER HOOD, PLAINTIFF

                            By: _____
                            Louis H. Watson, Jr. (MB#9053)
                            Nick Norris (MB#101574)
                            Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile:  (601) 968-0010
Email: louis@watsonnorris.com