UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLANTON TOLER HOOD                                                                      PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:15CV501 DPJ-FKB

RICOH USA, INC.                                                                        DEFENDANT

ORDER

This age-discrimination suit is before the Court on three motions. First, Defendant Ricoh USA, Inc. ("Ricoh") moved for summary judgment [34] pursuant to Federal Rule of Civil Procedure 56. Second, Plaintiff Clanton Toler Hood moved in limine [44] to prohibit Ricoh from referring to the Notice of Right to Sue issued by the EEOC at trial. Third, Ricoh also moved in limine [45] to exclude evidence attributed to three witnesses submitted in response to its motion for summary judgment. All three motions are fully briefed. The Court, having considered the parties' submissions along with the pertinent authorities, finds that Plaintiff's Motion in Limine [44] should be granted, Defendant's Motion in Limine [45] should be denied, and Defendant's Motion for Summary Judgment [34] should be granted in part and denied in part as set forth herein.

I.    Facts and Procedural History

Hood worked in sales for Ricoh, which provides businesses with various services, including printers, copiers, supplies, and document management. In 2012, Ricoh acquired its competitor, IKON, and merged the two sales teams. Following the merger, Hood reported to Donna Crabtree and later Andrew Bowes, both of whom answered to Carla Freeman. After documented sales and performance shortfalls by Hood in 2013 and 2014 while working under

both Crabtree and Bowes, Ricoh terminated Hood's employment in September 2014. While Hood does not deny his lack of production, he believes his age motivated Ricoh's decision.

After receiving notice of his right to sue from the Equal Employment Opportunity Commission ("EEOC"), Hood filed this suit against Ricoh alleging that it violated the Age Discrimination in Employment Act ("ADEA"). Following discovery, Ricoh moved for summary judgment, and Hood responded. Hood specifically pointed to age-based remarks by Freeman, as reflected in affidavits from former colleagues Chance Calloway, Kaylan Anderson, and Brett DiBiase. Because these affidavits were not produced during discovery, Ricoh moved in limine to exclude their content from trial. The pending motions have been fully briefed. The Court, having personal and subject-matter jurisdiction, is prepared to rule.

II.     Motions in Limine

    A.     Hood's Motion in Limine

Hood seeks to prevent Ricoh from mentioning the EEOC's Notice of Right to Sue at trial out of concern that the document will be used to imply that the EEOC investigated the case and found the claim was not valid. Mot. [44] at 1. In response, Defendant submits that it does not intend to reference the document, but wishes to reserve its right to introduce the Notice as rebuttal evidence in the event Hood attempts to use it to support his claim. Accordingly, Plaintiff's motion [44] is granted. If, during trial, Defendant believes the Notice should be permitted as rebuttal evidence, it should first raise the issue outside the presence of the jury.

    B.     Ricoh's Motion in Limine

In response to Ricoh's motion for summary judgment, Plaintiff submitted affidavits from Calloway, Anderson, and DiBiase swearing that Freeman, a supervisor with input over the

decision to terminate Hood, made a series of ageist remarks, including comments suggesting that at least one employment decision was based on age. But those affidavits were not produced until after the discovery deadline expired. Ricoh therefore moves in limine [45] to preclude the evidence from trial.[1]

Under Federal Rule of Civil Procedure 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Whether to allow the use of such evidence falls within the trial court's discretion. *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 277 (5th Cir. 2009). But the Court must consider the following factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

In this case, the factors weigh in favor of allowing the evidence. To begin, the affidavits constitute Hood's only evidence of the ageist remarks Freeman allegedly made. Absent those comments, the case would not survive Rule 56. The evidence is therefore crucial, which weighs heavily in favor of allowing the late disclosure. *Cf. Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015) (noting that when absence of evidence would leave plaintiff "speechless against an

---

[1] Ricoh's motion seeks exclusion of this evidence at trial. Although it noted in its summary-judgment reply that the affidavits were late, it did not separately move to strike them and did "not contest the[ir] accuracy," electing instead to address the affidavits on the merits. *See* Reply [42] at 4 n.2. Accordingly, the Court will consider the affidavits with respect to the Rule 56 motion.

affirmative defense . . . the evidence should not be excluded absent strong countervailing factors").

As for prejudice and cure, Ricoh will be inconvenienced by the late disclosure, but the case has not been set for trial, and the Court will allow Ricoh an opportunity to depose the three witnesses. Finally, the affidavits state that Hood was not aware of the statements at an earlier date, and Hood's counsel has represented that the affidavits were produced the day after the information was uncovered. *See* Pl.'s Resp. [47] at 2.

In sum, the Court recognizes some level of prejudice, but concludes that it can be effectively cured. Regardless, the information is highly significant to this case, and the Court believes that the matter should be resolved on the merits. Defendant's motion in limine [45] is therefore denied.

III.    Summary Judgment

    A.    Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party

must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Instead, when the movant shows the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).  A simple plea for a jury trial on the bare assertion that there are genuine issues of material fact is not a sufficient response to a motion for summary judgment.  *F.D.I.C. v. Brewer*, 823 F. Supp. 1341, 1347 (S.D. Miss. 1993) (citing *Washington v. Armstrong World Indus., Inc.*, 839 F.3d 1121, 1122–23 (5th Cir. 1988)).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

      B.    Analysis

The ADEA prohibits discrimination in the workplace based on age and protects workers over the age of forty (40).  29 U.S.C. § 623.  Age-discrimination claims follow the familiar *McDonnell Douglas* burden-shifting analysis.  411 U.S. 792, 802 (1973).

The plaintiff must first establish a prima facie case of discrimination by showing (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was replaced by someone outside the protected class, or in the case of disparate treatment, he was treated less favorably than similarly situated employees under nearly identical circumstances. *See Lee v. Kan. City S. Ry.*, 574 F.3d 253, 259 (5th Cir. 2009); *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001). If the plaintiff establishes a prima facie case, the burden shifts to the employer to offer a legitimate, non-discriminatory reason for the adverse employment action. *Lee*, 574 F.3d at 259. And once that burden is met, the plaintiff must show "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (citation and quotation marks omitted). Under the ADEA, a plaintiff "must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009); *see also Davis v. Farmers Ins. Exch.*, 372 F. App'x 517, 519 (5th Cir. 2010).[2]

Here, Ricoh assumes that Hood can state a prima facie case of age discrimination and submits that his termination was due to poor job performance.[3] Specifically, Ricoh contends that

---

[2] In his response, Plaintiff cites the mixed-motive alternative set forth in *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004), but the ADEA does not permit the mixed-motive alternative, *Gross* 557 U.S. at 175.

[3] In its motion, Ricoh also moved for summary judgment on Hood's claims regarding account transfers, changes in compensation, and retaliation. In response, Hood addressed only his termination claim. Accordingly, the Court finds that these additional claims, to the extent they were raised in Complaint, have been abandoned. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue this claim beyond [the]

Hood failed to meet his sales quota despite repeated counseling. There is ample record evidence to support this contention. *See, e.g.*, Memo [34-3] at 7 (June 17), 10 (July 11), 13 (August 13), 16 (September 16), 18 (October 16), 21 (December 13); Appraisal [34-3] at 24–26; Letter [34-3] at 28; Bowes Decl. [34-3] at 3; Termination Notice [34-3] at 34. Because poor job performance is a legitimate, non-discriminatory reason for termination, Ricoh has met its burden. *See Howard v. United Parcel Serv., Inc.*, 447 F. App'x 626, 630 (5th Cir. 2011). Thus, the burden shifts to Hood to show that Ricoh would have retained him "but for" his age.

Hood responds with two arguments: (1) Ricoh manipulated the deadlines and accelerated the review process to guarantee his failure and (2) Bowes's supervisor, Carla Freeman, made derogatory remarks about older employees. While there is some debatable record evidence regarding the first argument, the Court will focus on Freeman's alleged comments, which are assumed true under Rule 56.

It is important to note that Hood does not offer these remarks as direct evidence of discrimination. He instead pursues a circumstantial case under the *McDonnell Douglas* approach.

> In a circumstantial case like this one, in which the discriminatory remarks are just one ingredient in the overall evidentiary mix, we consider the remarks under a more flexible standard. To be relevant evidence considered as part of a broader circumstantial case, the comments must show: (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker.

*Goudeau*, 793 F.3d 470 at 475–76 (citations and quotation marks omitted).

---

complaint constituted abandonment.").

The comments in the present case satisfy both elements.  First, Hood has produced evidence—in the form of affidavits from fellow employees—detailing Freeman's age-related comments about Hood and other older employees.  *See* Calloway Aff. [40-1]; DeBiase Aff. [40-3].  Freeman supposedly referred to these employees as the "Geritol boys," "grumpy old men," and the "wheelchair gang."  Calloway Aff. [40-1] at 1; DeBiase Aff. [40-3].  Similarly, Kaylan Anderson explained that she attempted to hire a salesman in his "late forties or fifties," but Freeman responded, "No more hiring the Geritol pack."  Anderson Aff. [40-2] at 1.  Assuming their truth, these comments reflect discriminatory animus.  And because Bowes consulted Freeman—his superior—regarding the termination decision, Freeman at least had influence over the decisionmaker.  Bowes Decl. [34-3] ¶ 21.

The question therefore becomes whether this evidence is sufficient at the pretext stage to survive summary judgment.  The Fifth Circuit faced a similar question in *Goudeau*, where the plaintiff offered evidence of age-related comments as part of his circumstantial case under the ADEA.  793 F.3d 470.  The trial court found that Goudeau established his prima facie case based on the statements, but then concluded that he failed to show pretext.  *Id.* at 477.  The Fifth Circuit reversed, holding as follows:

> The district court did not consider as pretext evidence the ageist comments it found sufficient to establish a prima facie case.  The Supreme Court has instructed, however, that the strength of the prima facie evidence may also be considered at the pretext stage, *see Reeves*, 530 U.S. at 148, 120 S. Ct. 2097, and we have more directly held that comments showing discriminatory animus are part of the analysis at this stage.  *See, e.g.*, *Russell* [*v. McKinney Hosp. Venture*], 235 F.3d [219,] 225 n.9 [(5th Cir. 2000)] (noting that remarks by a supervisor showing discriminatory animus may "be utilized by a plaintiff to demonstrate pretext").

*Id.*

Here, Ricoh did not contest the prima facie case at the summary-judgment stage, and it appears that Hood was replaced on his main account by a substantially younger and less experienced person. Hood Aff. [40-4] ¶¶ 3–5. As for the alleged remarks, they certainly reflect an anti-age animus that allegedly affected at least one employment decision. Finally, the parties offer other arguments regarding the propriety of the termination decision, but those arguments go to weight. The Court concludes that Hood has established a jury question whether "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination" under a but-for-causation standard. *Goudeau*, 793 F.3d at 474. The ADEA-termination claim should survive.[4]

IV.   Conclusion

The Court has considered the parties' arguments. Those not addressed specifically would not change the result. For the foregoing reasons, Hood's Motion in Limine [44] is granted; Ricoh's Motion in Limine [45] is denied, but it will be allowed to depose the three listed witnesses before trial. The parties are given 45 days to schedule and conduct those depositions. Once completed, the parties shall contact the Court to set the case for a telephonic status conference. Ricoh's Motion for Summary Judgment [34] is denied as to the ADEA termination claim but otherwise granted as to any other claims.[5]

---

[4] "Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). This is such a case.

[5] On this date, Ricoh filed a Motion for Leave to File Rebuttal to Plaintiff's Response to Defendant's Motion in Limine [48]. The motion attached a proposed rebuttal. That motion is granted, and the Court has considered Ricoh's arguments. While the Court agrees Plaintiff has not been as diligent as he should, Ricoh's arguments do not change the Court's conclusion that

**SO ORDERED AND ADJUDGED** this the 9th day of September, 2016.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE

---

when all factors are weighed, the evidence should not be excluded from trial.  Finally, the Court notes that to the extent the rebuttal raises new prayers for relief, it violates Uniform Local Rule 7(b).